OPINION OF THE COURT
Joseph Jiudice, J.
The petitioner moves for relief pursuant to Executive Law § 63 (12) and General Business Law § 513.
The respondent, a New York corporation operating a mail order business selling photographic equipment, has charged its customers a surcharge when they elected to use a credit card to pay for their orders. Apparently, the majority of the respondent’s customers were residents of States other than New York.
There are two issues raised by the respondent challenging the State’s petition. Firstly, the respondent argues that General Business Law § 518 only outlaws credit card surcharges for sales to New York residents. Secondly, it contends that even if such surcharges are outlawed regardless of the residency of the consumer, the Attorney-General has no power under Executive Law §63 (12) to obtain restitution to non-New Yorkers damaged by an illegal practice of a New York business.
*499 The principal thrust of the respondent’s argument is that General Business Law § 518 does not prohibit credit card surcharges by New York sellers to non-New York consumers since the Legislature did not intend for it to apply to such sales.
Although this court’s research indicates no New York case directly on point, there are several authorities from other States which support a State’s power to obtain restitution for all consumers injured by the illegal practices of a local business regardless of the residency of those consumers. In these cases the courts upheld the power of a State to obtain relief for nonresidents caused by the illegal business practices of merchants in their States (see, Brown v Market Dev., 41 Ohio Misc 57, 322 NE2d 367 [1974]; Kugler v Haitian Tours, 120 NJ Super 260, 293 A2d 706 [1972]).
A State is damaged if its citizens are permitted to engage in fraudulent practices even though those parties damaged are nonresidents of the State (see, Rio Grande Oil Co. v State, 539 SW2d 917 [Tex 1976]).
General Business Law § 518 states as follows: "No seller in any sales transaction may impose a surcharge on a holder who elects to use a credit card”.
The statute’s language is plain and unequivocal. It appears to this court that had the Legislature intended to restrict its application to transactions only with New York consumers it would have so restricted the language contained therein. Based upon the language of the statute together with the above-stated authority, the court is of the opinion that the State has the power to obtain restitution for all consumers injured by a violation of this statute regardless of the residency of the consumer.
Finally, the plain meaning of the language of Executive Law § 63 (12) indicates that the Legislature intended that all consumers be protected from illegal practices regardless of their residency and that the Attorney-General of this State is mandated to take necessary action as provided in the statute to protect all of these consumers.
The petitioner’s motion is granted to the extent of permanently enjoining the respondent from charging its customers any surcharge when they elect to use a credit card in lieu of payment by cash, check or similar means and directing the respondent to render a full accounting of all consumers charged an illegal surcharge since June 5, 1984, and to pay *500 restitution and damages to all such consumers injured by its conduct.
The respondent shall further pay costs of $2,000 pursuant to CPLR 8303 (a) (6).